STATE OF MAINE
HANCOCK, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-01-32

Mark H. Ross et al.,
    Plaintiffs

v.

William Raynor,
    Defendant

Decision and Judgment

DONALD L. GARBRECHT
LAW LIBRARY

MAY 5 2003

A hearing on the complaint was held this date. Plaintiff Mark Ross and the defendant were present with counsel.

The plaintiffs own a parcel of land located on the Tunk Lake Road in Sullivan. That parcel abuts a parcel owned by the defendant. Sometime during the winter of 2000-2001, the defendant engaged Lee Tracy to cut some trees off of his property. The defendant and Tracy walked around what they believed to be the property lines of the defendant's property. The defendant's understanding of the location of the boundaries was based on his review of a town tax map and on his inspection of the property when he acquired the property in January 2000. The tax map does not identify monuments or other landmarks (aside from roads and other parcels of land) that could be used to locate boundaries. The defendant and Tracy found an iron pin, which they assumed marked the northwest corner of his lot and the southwest corner of the plaintiffs' lot. In fact, the pin that they found was situated along the plaintiffs' western boundary and merely marked a change in the direction of that boundary, rather than the endpoint of the boundary line between the parties' lots. The defendant did not use or commission a survey, consult with a forester or make any contact with the plaintiffs in a further effort to ascertain the location of the boundary line separating the parties' two parcels.

On the basis of this information, Tracy then proceeded to cut trees. As it turned out, he cut 58 spruce or fir trees and cut or damaged 5 apple trees that were on the

1

plaintiffs' land.[1] *See* plaintiffs' exhibit 3A (showing area of wrongful cutting). The stumpage value of the evergreen trees was $221.

In their complaint, the plaintiffs pleaded several liability theories. The only one pursued at trial, however, is based on the provisions of 14 M.R.S.A. § 7552. Here, the evidence establishes that the defendant violated section 7552(2)(A), because through Tracy he cut down, destroyed, damaged and carried away "forest products" and fruit trees. This triggers the damages provisions of sections 7552(3) and (4). Here, the plaintiffs have elected to seek the forfeiture amounts allowed under 17 M.R.S.A. § 2510 rather that the market value of the trees that were cut or destroyed. That forfeiture amount is $4,000.

The defendant argues that under section 7552(3), there is good cause to reduce those damages. In order to support such a reduction, section 7552(3) requires a showing of good cause in addition to evidence that the defendant's level of culpability did not exceed negligence. Here, the plaintiffs do not argue that the defendant's violation of section 7552 was knowing or intentional within the meaning of the statute. Rather, they acknowledge that the violation was the result of nothing more than negligence. However, in considering the question of "good cause shown," the court cannot find that the defendant was without blame or fault for the unlawful cutting. Although the defendant took some steps to establish the location of his property line, that effort was casual, and his impressions of the location of the boundary was based on selected information that was not of good quality. He could have obtained better information. Indeed, if he had simply consulted with one of the plaintiffs, he either would have been advised of the correct location of the boundary if the plaintiffs actually knew of it, or at the very least he would have taken the additional step of trying to protect the interests of the abutters and reduced the level of his fault. That effort would have been easy and without expense. Because the defendant failed to make any such efforts, the court declines to adjust the

---

[1] The forester's report does not account for the lost apple trees. However, the court accepts plaintiff Mark Ross' testimony that four apples trees were cut and another was damaged by a skidder. That evidence was quite specific; the plaintiffs had cared for and paid attention to those trees; and the forester's omission of them from his report is understandable because the apple trees may have been small.

measure of damages that is available to the plaintiffs here. The plaintiffs' base damages therefore are $4,000.[2]

Pursuant to section 7552(4)(A), the plaintiffs' damages are doubled. Further, the plaintiffs are entitled to reimbursement for the costs for the survey and legal expenses. Collectively, this amounts to $3,830.

The entry shall be:

For the foregoing reasons, judgment is entered for the plaintiffs in the amount of $8,000, with interest at the statutory rate, plus recovery of costs and professional services in the amount of $3,830.

Dated: April 18, 2003

_____
Justice, Maine Superior Court

FILED &
ENTERED

APR 1 8 2003

SUPERIOR COURT
HANCOCK COUNTY

---

[2] The defendant's offer of settlement for twice the stumpage value does not insulate him from an assessment of interest, costs and professional services. *See* 14 M.R.S.A. § 7552(6)(C). Consequently, the court does not need to address the question of whether the defendant's offer of settlement satisfied the requirements of section 7552(6).